____FILED   ____ENTERED
____LODGED  ____RECEIVED

FEB 21 2012

AT BALTIMORE BCF
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

----------------------------------------*

Case No.   **CCB 12 CV 0554**

**COMPLAINT**

HASSAN CRAWFORD
4932 OLD COURT RD.
BALTIMORE, MD 21133

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff,

vs.

KENNETH PROCTOR
P.O. BOX 2036
WARREN, MI 48090

ASSET ACCEPTANCE MGMT.
P.O. BOX 2036
WARREN, MI 48090

Defendant.

----------------------------------------*

Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE MARYLAND CONSUMER COLLECTION PRACTICES ACT, THE MARYLAND DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, [Third Party Debt Collector's name and address] and other conspirators, agents, servants and employees and those acting in active concert and with actual notice

thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within Maryland and Baltimore Counties in the State of Maryland, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Baltimore County, in Maryland.
6. The Defendants is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendant's ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR P.O. BOX 2036 WARREN, MI 48090, were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed.
8. The Defendant's ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR was the collection agency during the period inclusive of Winter of 2010 to present.
9. The Defendant's ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR during the period extending from November 2010 to present, is the collection agency that made an inquiry on the credit report.
10. All Defendants are considered a "person", according to Black's Law Dictionary.

FACTS

11. Plaintiff pulled free annual credit report in and around October 26, 2011.
12. Plaintiff noticed an inquiry from ASSET ACCEPTANCE MGMT. that was dated 11/19/2010.
13. Plaintiff then faxed on December 13, 2011 to ASSET ACCEPTANCE MGMT. a Notice of Intent To Sue, giving them five days to respond.
14. Plaintiff received no response. On January 27, 2012, Plaintiff faxed a Final Notice of Impending Federal Lawsuit with a copy of the Federal Complaint. In and around February 9, 2012, the Defendant's sent a letter stating that the purpose of the inquiry was for collection on an alleged SPRINT account that was never on my credit report as a collection from ASSET ACCEPTANCE MGMT..

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

15. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
16. The defendant ASSET ACCEPTANCE MGMT. and it's employee agents are debt collectors, as defined by 15 U.S.C. § 1692a(6).
17. The defendant's violated the FDCPA by:
18. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt
19. Violations of § 1692e (8) communicating information which is known to be false
20. The foregoing violations of the FDCPA are among the Defendant's standard procedures and practices towards consumers such as the Plaintiff, for which the Defendant's are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

21. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.
22. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
23. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.
24. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).
25. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of the Collection Agency.
26. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).
27. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).
28. ASSET ACCEPTANCE MGMT. and KENNETH PROCTOR in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff's evidence of willful noncompliance on the part of [Third Party Debt Collector's name].

COUNT 5- INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

29. The allegations of paragraphs 1 through 14 of this Complaint are realleged and incorporated by reference.

30. The Defendant's intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

31. The Defendant's attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act.

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.
2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C) For an order awarding actual damages in the following amount:
1. Against ASSET ACCEPTANCE MGMT. in the amount of $1,000.
2. Against KENNETH PROCTOR in the amount of $1,000.

(D) For an order awarding statutory damages in the following amounts:
1. Against ASSET ACCEPTANCE MGMT. for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000.
2. Against KENNETH PROCTOR for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000.

(E) For an order awarding punitive damages as follows: (punitive damages might be awarded)
1. Against ASSET ACCEPTANCE MGMT. in the amount of $15,000.
2. Against KENNETH PROCTOR in the amount of $15,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

Date: February 21, 2012
By: Hassan Abdul DBA HASSAN CRAWFORD